**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**WILLIAM L. BUCKLEY, SR.**                                              **PLAINTIFF**


**VERSUS**                                          **CIVIL ACTION NO. 2:07cv147KS-MTP**

**NUCKOLS & ASSOCIATES SECURITY, INC.;
CLN SECURITY FO OHIO, INC.; AND
CLIFF L. NUCKOLS**                                                      **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the defendants' Motion to Dismiss or in the
Alternative, for Summary Judgment **[#6]** based on *res judicata* and/or collateral
estoppel.  The court, having reviewed the motion, the response, the pleadings and
exhibits on file, and being otherwise fully advised in the premises finds that the motion
is not well taken and should be denied.  The court specifically finds as follows:


## FACTUAL BACKGROUND

On or about August 3, 1993, in Civil Action No. 2:91cv141PN, this court entered
a Final Judgment in favor of the plaintiff and against the defendants in the amount of
One Million Three Hundred Sixty-Four Thousand Two Hundred Seventy-Two Dollars
and ninety-two cents ($1,364,272.92) plus interest and costs.  Interest on said
Judgment was set at 3.5% per annum.  The Judgment was entered after entry of
default against the defendants and constituted a Default Final Judgment from which no
appeal was taken.

On July 19, 2000, the plaintiff filed a Complaint to renew the original judgment in
in Civil Action No. 2:00cv184PG.  On September 21, 2000, this court entered a renewal

of the original Judgment in Civil Action No. 2:91cv141PN by way of a  Default Final

Judgment in favor of the plaintiff and against the defendants in the amount of One

Million Six Hundred Seventy-One Thousand Two Hundred Ninety-Nine Dollars and

thirty-seven cents ($1,671,299.37) plus interest and costs.  Interest on the Judgment

was set at 6.241% per annum.  The case was closed after entry of this judgment.

On November 3, 2003, the plaintiff filed a Suggestion of Writ of Garnishment in

the 2:00cv184 case along with a Writ of Garnishment to Personnel Support Systems,

Inc. and ADP, Inc. as to this uncollected judgment.  The plaintiff had first filed a

garnishment action against Personnel Support Systems, Inc. (PSSI)  and Cliff Nuckols

individually in state court in Jones County, where he (the plaintiff) resides, based on the

judgment obtained in this court.  PSSI was not a defendant in the original proceeding

before this court and was only alleged to owe money to Nuckols.  That action was

dismissed by the circuit court and affirmed by the state appeals court.  The defendant

(Nuckols) and the garnishee defendant in state court, PSSI, were both residents of the

state of Ohio.

After being rebuffed in his attempts to collect on his garnishment by the state

courts, the plaintiff filed his state writ of garnishment in the closed case, 2:00cv184, on

November 11, 2003.  This court held, on a motion to dismiss by the defendants, that

the default judgment entered in that case in September 2000 was a final judgment

whereupon the matter was dismissed with prejudice and that there was no specific

reservation of time in the order to allow for collection or enforcement of the judgment in

that action.  Thus, the court dismissed the plaintiff's attempt to use that closed case to

enforce or collect the judgment by order of March 8, 2005.

The plaintiff subsequently filed the present action to renew his original judgment

prior to its expiration.  In response, the defendants have brought this present motion

"primarily . . . by the individual Defendant Cliff L. Nuckols, since Nuckols & Associates

Security, Inc. and CLN Security of Ohio, Inc. no longer exist and are corporate nullities."
To the contrary, the plaintiff has provided proof that some of the entities still exist and
are operating in Ohio.  Nevertheless, the defendants argue that "Defendant Nuckols,
individually and on behalf of the corporate defendants to the extent they still have
standing, although they no longer exist, submits that Plaintiff's present Amended
Complaint for Renewal of Judgment is barred by this Court's Order of March 7, 2005."
They make this claim on the basis of *res judicata* and collateral estoppel.  The
defendants have moved for dismissal pursuant to Rule 12(b)(6) and for summary
judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## DISMISSAL STANDARD OF REVIEW

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings,
specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether
the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER,
FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth
Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded
facts as true and view them in the light most favorable to the Plaintiff.  We cannot
uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set
of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos
County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations
omitted).  *See also,  Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a
12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation
to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."
*Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65, 167

L.Ed.2d 929, 940 (2007)(other citations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).

Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P.  Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.  It is not relevant how the defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).  Further, as the Fifth Circuit has explained;

The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).  On a 12(b)(6) motion, of course the Court must view all well-pleaded facts as true and in the light most favorable to the non-moving party.  However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

The defendants have presented an affidavit of counsel, the Honorable Michael Adelman, in support of their theory of collateral estoppel along with copies of prior orders of this court.  The plaintiff has presented evidence of the continued existence of certain of the defendants in the face of their claims of extinction.  Thus to the extent that the court considers the affidavit, or any of the other extraneous evidentiary presentations, the motion to dismiss will be judged under the standard for summary judgment under Rule 56.  The standard of review for motions for summary judgment, as often quoted by the court, is as follows:

**SUMMARY JUDGMENT STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one

6

of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the

nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

As the plaintiff points out, this is a suit to renew a judgment of this court.  Federal law does not provide for a statute of limitations for enforcing a federal judgment. Rather, 28 U. S. C. § 1962 provides that a federal judgment operates as a lien in the same manner as a judgment of the state court.  That same statute also provides that the federal judgment "shall cease to be a lien in the same manner and time."  A federal judgment entered by the U. S. District Court in Mississippi is therefore subject to the seven-year limitation period which applies to state court judgments.  Miss. Code Ann., §

11-7-197 (1972) provides that a federal judgment entered in Mississippi does not

become a lien until the judgment is enrolled in state court.  Miss. Code Ann., § 15-1-43

(1972) provides for a seven-year limitation period for bringing action on a judgment:

> All actions founded on any judgment or decree rendered by any court of
> record in this state, shall be brought within seven years next after the
> rendition of such judgment or decree, and not after, and an execution
> shall not issue on any judgment. or decree after seven years from the
> date of the judgment or decree.

> Further, Miss. Code Ann., § 15-1-47 (1972) provides for the judgment lien to

expire after seven years:

> All judgment or decree rendered in any court held in this state shall not be
> a lien on the property of the defendant therein for a longer period than
> seven years from the rendition thereof, unless an action be brought
> thereon before the expiration of such time. However, the time during
> which the execution of a judgment. or decree shall be stayed or enjoined
> by supersedeas, injunction or other process, shall not be computed as
> any part of the period of seven years. [Italics added]

The plaintiff argues that the statutory scheme does not provide for the extinction

of a judgment if the plaintiff stumbles in some way, and attempts an execution on the

judgment that is procedurally faulty, as occurred in his failed attempt to enforce the

garnishment in this court in 2003-2005.  This court agrees.  In fact, § 15-1-47 only

provides that a lien expires if one fails to bring an action to renew the judgment before

the expiration of seven years.  Thus, as the plaintiff points out, it is clear that a

judgment lien will continue if a timely action on the judgment is brought.  That is what he

is attempting to do by this action.  *See Kimbrough v. Wright*, 231 Miss. 855, 97 So.2d

362 (1957)

Once a timely action to renew the judgment is filed, a new judgment may then be

entered without reexamining the merits of the original judgment.  The new judgment is

then effective for another seven years.  Under the statutory scheme, the only issues in

an action to renew a prior judgment are (1) whether a valid judgment has or has not

been entered; and (2) whether and to what extent the judgment has been paid by, or

collected from, the defendant.   It is also appropriate to establish if any additional

interest has accrued on the lien and to make any such accruals a part of the renewed

judgment.

## CONCLUSION

There is no dispute that a valid final judgment was entered in favor of the plaintiff

against these defendants on August 3, 1993, and that the judgment was timely

renewed by final judgment of September 21, 2000.  The plaintiff has timely filed a new

Complaint to Renew the judgment once again.  The fact that he inappropriately

attempted to use the prior closed renewal action to collect the judgment by means of a

faulty garnishment action is of no consequence to the present action's viability. The

defendants' arguments of *res judicata* and collateral estoppel have absolutely no merit

in the face of this properly and timely filed action to renew a judgment lien and their

motion to dismiss/for summary judgment should be denied..

The plaintiff has provided evidence of accrued interest on the unpaid judgment

lien.  If the defendants wish to rebut this evidence, or to present any proof of payment

of the lien or any portion thereof, they may, within thirty (30) days of this order, by

January 7, 2008, provide any evidence they wish.  By January 14, 2008, the plaintiff

shall provide an updated calculation on the interest accrual on this judgment and any

rebuttal to the defendants' submissions, if any. After that date, the court will enter appropriate orders depending on the presentation of further proof.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion to Dismiss or in the Alternative, For Summary Judgment **[#6]** is denied.

IT IS FURTHER ORDERED AND ADJUDGED that by January 7, 2008, the defendants shall provide any evidence they wish in mitigation of this judgment lien including any payments or credits to which they claim entitlement and that by January 14, 2008, the plaintiff shall provide an updated calculation on the interest accrual on this judgment and any rebuttal to the defendants' submissions, if any, at which time the court will enter appropriate orders.

SO ORDERED AND ADJUDGED this the 6th day of December, 2007.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE